Daniel G. ABDO
vs.
Andrea D'AMATO d/b/a
D'AMATO CONSTRUCTION

District Court Department
Appellate Division, Western District
Trial Court of the ·
Commonwealth of Massachusetts

November 17, 1980

---

David A. Wojcik for the plaintiff.
George N. Ellis for the defendant.

Present: *Cimini, J., McGuane, J., Larkin, J.

**LARKIN, J.** This case raises questions as to the effect of alleged "illegality" on the respective rights of the parties in the context of two home "remodelling contracts." The parties are the owner of the buildings in question and a contractor who was hired to do the remodelling.

The work at issue looked towards construction of an attic apartment and the remodelling of a garage apartment. The owner sought to recover damages for the contractor's alleged breach of the contracts. The contractor, by virtue of answer and counterclaim, contended that the contracts were "illegal" and, in addition, sought recovery from the owner for "infliction of emotional distress."

The supposed illegality derived from the failure to obtain certain building permits for the work at issue. It was uncontradicted that the permits were required for the work in order to insure strict compliance with relevant regulations and that such permits had not been obtained. However, the two rudimentary "contracts" were completely silent on the question of which of the parties was to obtain the relevant and requisite permits.

The trial court found that while the contracts themselves were not illegal, the **performance** of the contract was "blatantly illegal without official sanction." The trial court found that the contractor had "breached" the contracts but denied recovery to the owner because of the alleged illegality overtones of the transaction. The court ruled against the contractor's claims for emotional distress.

The record showed that the contractor had done extensive work for the owner under the contracts and had received certain payments for the work. It was clear, however, that he had not fully completed the work. The effect of the trial court's action was to leave the respective parties as they stood. The owner had the benefit of the work performed, again, which was considerable for the relatively small amounts of money paid to the contractor, and the latter, who had performed the extensive work, was denied recovery for his claims of emotional distress. While we do not necessarily agree with the rationale of the District Court in

drawing the distinction between contracts which are tainted with "**per se illegality**" and those which take on an illegality in the "performance", we believe the result reached by the court below achieves substantial justice between the parties.

It is clear that a contract may be illegal for a wide variety of reasons. For example, the illegality may derive from the consideration, or the proposed objective or performance of the contract may be illegal. "Or illegality may even taint the contract in a situation in which the performance of the promised act is not, apart from the promise, unlawful, but the promise to do the act makes it such." See, e.g., 2 Restatement of Contracts, sec. 512.

The history of the effect of supposed illegality on contractual arrangements in Massachusetts has had an uneven history. Compare **Bucella v. Schuster,** 340 Mass. 323 (1960), with **Fox v. Rogers,** 171 Mass. 546 (1898). See also, **Tocci v. Lembo,** 325 Mass. 707 (1950); **Ames v. Gilman,** 10 Metc. 239 (Mass. 1845); **Browne v. Phelps,** 211 Mass. 376 (1912). However, it is fair to say that now, for a contract to be rendered so "illegal" as to void the rights of the parties, the "taint" must have a direct centrality to the agreement at issue and directly offend a clearly articulated public policy. See, e.g., **Town Planning and Engineering Associates, Inc. v. Amesbury Specialty Co.,** 369 Mass. 737, 342 N.E. 2d 706 (1976), where the Supreme Judicial Court warned against the sentimental fallacy of piling on sanctions unthinkingly once an illegality is found. In its opinion, the Court quoted from **Nussenbaum v. Chambers & Chambers, Inc.,** 322 Mass. 419 (1948), where it was stated, "Courts do not go out of their way to discover some illegal element in a contract or to impose hardship upon the parties beyond that which is necessary to uphold the policy of the law."

At all events, on this record we believe that the illegality was, at best, only incidental to the performance. But because of the substantial work performed by the contractor, the obvious language difficulties inherent in their respective situations, and the somewhat indefinite nature of the contract on who was to get the permits at issue, we believe that the result below was reasonable and just.

For the above reasons we believe that the Report should be dismissed.

So ordered.<br>Allan McGuane, J.<br>Larkin, J.